UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

|  |  |
|---|---|
| THE NEW YORK TIMES COMPANY and RON NIXON, | X : |
|  | : |
| Plaintiffs, | : |
|  | : No. 09 Civ. 10437 (RJH) |
| - against - | : |
| UNITED STATES DEPARTMENT OF THE TREASURY, | : |
|  | : |
| Defendant. | : |
|  | X |

---

## DECLARATION OF DAVID E. McCRAW

I, David E. McCraw, declare under penalty of perjury as follows:

1.     I am Vice President and Assistant General Counsel at The New York Times Company, the publisher of The New York Times, and counsel of record for the Plaintiffs, The New York Times Company and Ron Nixon (jointly, "NYT"), in this matter. I make this declaration on the basis of personal knowledge and a review of the records of The New York Times Company.

2.     On or about December 19, 2007, NYT submitted a Freedom of Information Act ("FOIA") request (the "Request") to defendant United States Department of the Treasury ("Treasury"), which has as one of its constituent units, the Office of Foreign Assets Control ("OFAC").   A true copy of the Request is attached as Exhibit A.

1

3.    The Request sought copies of any OFAC database identifying "individuals and companies with OFAC licenses," together with any other documents necessary to understand and interpret each database, such as "record layouts, codesheets, etc."

4.    During the pendency of the Request, NYT notified OFAC that it would limit the Request by excluding information pertaining to the following categories of OFAC licenses: Cuba Family Visits, Educational Activities, Journalistic Activity, Official Government Business, Personal Remit, Religious Activities, Sports, To Education, To Family, Visit Immediate Family and Visit to Close Relatives.  A true copy of the Licensing Categories and Subcategories provided to NYT by OFAC is attached as Exhibit B.

5.    In the course of communicating with NYT about the Request, OFAC said it possessed spreadsheets identifying the licensees and summarizing pertinent information about each license.

6.    Treasury failed to produce the materials sought by the Request or to assert a basis for withholding the materials under FOIA prior to the commencement of litigation by NYT against Treasury.

7.    In September 2008, NYT sought to compel Treasury to release the spreadsheets of licensees by initiating a FOIA action in this Court, styled *The New York Times Company and Ron Nixon v. United States Department of Treasury*, No. 08 Civ. 8341 (PGG) (filed Sept. 29, 2008).

8.    In March 2009, while the lawsuit was pending, Treasury produced redacted versions of computer-generated spreadsheets, one for corporate licensees and one for individual licensees.  All identifying information for all individual licensees was

redacted.  The names of more than 9,000 individual licensees had been redacted.  A true copy of sample pages showing the redaction of the names of individual licensees from the individual spreadsheet is attached as Exhibit C.

9.        On June 22, 2009, the Court entered a Stipulation and Order of Settlement and Dismissal ("Settlement Order") in *The New York Times Company and Ron Nixon v. United States Department of Treasury*, No. 08 Civ. 8341 (PGG), dismissing the matter with prejudice.  A true copy of the Settlement Order is attached as Exhibit D.

10.       Under the Settlement Order, Treasury agreed to produce certain information about corporate licensees.

11.       Further, under the Settlement Order, NYT and Treasury agreed to sever the issue of the redaction of the individual licensees' identifying information, and Treasury agreed to permit NYT to challenge this redaction through an administrative appeal pursuant to the normal procedures of FOIA.

12.       In July 2009, NYT filed its administrative appeal challenging the redaction of identifying information concerning individual licensees.  A true copy of the NYT's administrative appeal is attached as Exhibit E.

13.       By a letter dated September 18, 2009 (the "Denial"). Treasury denied NYT's administrative appeal.  A true copy of the Denial is attached as Exhibit F.

Dated:   New York, NY
         March 1, 2010

                                                            _____
                                                            David E. McCraw

# EXHIBIT A

#48459v1

## The New York Times

Business and Financial New 2nd Floor
620 Eighth Avenue
NEW YORK, N.Y. 10018

Ron Nixon
620 Eighth Ave.
New York, NY 10018-1405
212-556-5239 New York
202-862-0440 Washington

December 19, 2007

FOIA/PA Request
Disclosure Services
Department of the Treasury
Washington, DC 20220

### FOIA REQUEST

Dear FOI Officer:

Pursuant to the federal Freedom of Information Act, 5 U.S.C. § 552, I request access to and copies of Office of Foreign Asset Control database of individuals and companies with OFAC licenses. Please also include any relevant documents including record layouts, codesheets, etc that will help us understand the data.

I agree to pay reasonable duplication fees for the processing of this request.

If my request is denied in whole or part, I ask that you justify all deletions by reference to specific exemptions of the act. I will also expect you to release all segregable portions of otherwise exempt material. I, of course, reserve the right to appeal your decision to withhold any information or to deny a waiver of fees.
As I am making this request as a journalist and this information is of timely value, I would appreciate your communicating with me by telephone, rather than by mail, if you have questions regarding this request.

I look forward to your reply within 20 business days, as the statute requires.

Thank you for your assistance.

Sincerely,

Ron Nixon

# EXHIBIT B

#48459v1

Licensing Categories & Sub-Categories in 2008-01-025 Excel List
Page 1

| | Categories | Remarks |
|---|---|---|
| 1. | Congressional | Not responsive |
| 2. | Cuba Family Visits | Not responsive |
| 3. | Educational Activities | Not responsive |
| 4. | Educational Activities | Not responsive |
| 5. | Educational Activities | Not responsive |
| 6. | Educational Activities | Not responsive |
| 7. | Export/Import/Informational Material/Informational Transmission | |
| 8. | Foreign-Origin Export Related Transactions | |
| 9. | Free-lance | |
| 10. | Humanitarian | |
| 11. | Humanitarian (NGO) | |
| 12. | Humanitarian Project | |
| 13. | Info. Mat. | |
| 14. | Journalistic Activity | Not responsive |
| 15. | Legal Representation | |
| 16. | No Provision | |
| 17. | Not Specified | |
| 18. | Official Government Business | Not responsive |
| 19. | Other | |
| 20. | Personal Remit | Not responsive |
| 21. | Private Foundations/Research/Educational Institutes | |
| 22. | Professional Research/and Meetings | |
| 23. | Public Performances, Clinics, Workshops, Athletic Competitions, Exhibitions | |
| 24. | Religious Activities | Not responsive |
| 25. | Research | |
| 26. | Sports | Not responsive |
| 27. | Support for Cuba People | |
| 28. | To Conference | |
| 29. | To Education | Not responsive |
| 30. | To Family | Not responsive |
| 31. | To Religious | |
| 32. | To Research | |
| 33. | Transactional - Agriculture and Medicine | |
| 34. | Transactional - Blocked Assets | |
| 35. | Transactional - Congressional | |
| 36. | Transactional - Corporate | |
| 37. | Transactional - Financial | |
| 38. | Transactional - Humanitarian | |
| 39. | Transactional - Legal Services | |
| 40. | Transactional - Miscellaneous | |
| 41. | Transactional - Trade | |

Licensing Categories & Sub-Categories in 2008-01-025 Excel List
Page 2

| | Categories | Remarks |
|---|---|---|
| 42. | Transactional - | |
| 43. | U. S. Export Related Transactions - Agriculture | |
| 44. | U. S. Export Related Transactions - Agriculture and Medical | |
| 45. | U. S. Export Related Transactions - Donations | |
| 46. | U. S. Export Related Transactions - Medical | |
| 47. | U. S. Export Related Transactions - Miscellaneous | |
| 48. | U. S. Export Related Transactions - Not Specified | |
| 49. | U. S. Export Related Transactions - | |
| 50. | Visit Immediate Family | Not responsive |
| 51. | Visit to Close Relative | Not responsive |
| 52. | Wire Transfer | |
| 53. | Wire Transfer (Compliance) | |

159,453 Lines Items (not including 3 rows of header lines)
11 data cells per line
1,753,983 cells of data

3397 total pages
1548 pages without Non-Responsive Lines re Cuba Family Visits
(will be less with other non-responsive lines subtracted)

# EXHIBIT C

#48459v1

| EXEMPTIONS | PROG | FACNO | LIC CASE NO | LICENSEE | SIGNED BY | STATUS | STAFF | CATEGORY |
|---|---|---|---|---|---|---|---|---|
| | | (b)(2) | (b)(2) | | (b)(2) & (b)(6) | | (b)(2) & (b)(6) | (b)(2) |
| (b)(6) | CU | | | | | licensed | | |
| (b)(6) | CU | | | | | licensed | | |
| (b)(6) | B | | | | | licensed | | |
| (b)(6) | B | | | | | licensed | | |
| (b)(6) | ZI | | | | | licensed | | |
| (b)(6) | CU | | | | | licensed | | |
| (b)(6) | YK | | | | | licensed | | |
| (b)(6) | YK | | | | | licensed | | |
| (b)(6) | BU | | | | | licensed | | |
| (b)(6) | SU | | | | | licensed | | |
| (b)(6) | SU | | | | | licensed | | |
| (b)(6) | FTO | | | | | licensed | | |
| (b)(3) & (b)(6) | IQ | | | The Commission of the African Union | | licensed | | |
| (b)(6) | SU | | | | | licensed | | |
| (b)(6) | CU | | | | | licensed | | |
| (b)(6) | LI | | | | | licensed | | |
| (b)(6) | CT | | | | | licensed | | |
| (b)(6) | BU | | | | | licensed | | |
| (b)(6) | CU | | | | | licensed | | |
| (b)(6) | CU | | | | | licensed | | |
| (b)(6) | SU | | | | | licensed | | |
| (b)(6) | BU | | | | | licensed | | |
| (b)(6) | CU | | | | | licensed | | |
| (b)(6) | LI | | | | | licensed | | |
| (b)(6) | SU | | | | | licensed | | |
| (b)(6) | SU | | | | | licensed | | |
| (b)(6) | BU | | | | | licensed | | |
| (b)(6) | SDG | | | | | licensed | | |
| (b)(6) | BU | | | | | licensed | | |
| (b)(6) | CU | | | | | licensed | | |
| (b)(6) | IA | | | | | licensed | | |
| (b)(6) | CU | | | | | licensed | | |
| (b)(6) | CU | | | | | licensed | | |
| (b)(6) | BU | | | | | licensed | | |
| (b)(6) | CU | | | | | licensed | | |
| (b)(6) | CU | | | | | licensed | | |
| (b)(6) | BU | | | | | licensed | | |
| (b)(6) | BU | | | | | licensed | | |
| (b)(6) | BU | | | | | licensed | | |

| | | | |
|---|---|---|---|
| (b)(6) | BU | | licensed |
| (b)(6) | CU | | licensed |
| (b)(6) | CU | | licensed |
| (b)(6) | CU | | licensed |
| (b)(6) | CU | | licensed |
| (b)(6) | BU | | licensed |
| (b)(6) | CU | | licensed |
| (b)(6) | BU | | licensed |
| (b)(6) | BU | | licensed |
| (b)(6) | CU | | licensed |
| (b)(6) | CU | | licensed |
| (b)(6) | BU | | licensed |
| (b)(6) | CU | | licensed |
| (b)(6) | CU | | licensed |
| (b)(6) | CU | | licensed |
| (b)(6) | BU | | licensed |
| (b)(6) | CU | | licensed |
| (b)(6) | LI | | licensed |
| (b)(6) | SU | | licensed |
| (b)(6) | CU | | licensed |
| (b)(6) | BU | | licensed |
| (b)(6) | BU | | licensed |
| (b)(6) | CU | | licensed |
| (b)(6) | CU | | licensed |
| (b)(6) | CU | Arab League | licensed |
| (b)(6) | SU | | licensed |
| (b)(6) | CU | | licensed |
| (b)(6) | BU | | licensed |
| (b)(6) | CU | | licensed |
| (b)(6) | YK | | licensed |
| (b)(6) | CU | | licensed |
| (b)(6) | CU | | licensed |
| (b)(6) | LI | | licensed |

| (b)(6) | BU | | licensed |
| (b)(6) | BU | | licensed |
| (b)(6) | BU | | licensed |
| (b)(6) | BU | | licensed |
| (b)(6) | CU | | licensed |
| (b)(6) | CU | | licensed |
| (b)(6) | CU | | licensed |
| (b)(6) | WB | | licensed |
| (b)(6) | BU | | licensed |
| (b)(6) | CT | | licensed |
| (b)(6) | CU | | licensed |
| (b)(6) | SU | | licensed |
| (b)(6) | CU | | licensed |
| (b)(6) | CU | | licensed |
| (b)(6) | CU | | licensed |
| (b)(6) | CU | | licensed |
| (b)(6) | CU | | licensed |
| (b)(6) | SU | | licensed |
| (b)(6) | LI | | licensed |
| (b)(6) | LI | | licensed |
| (b)(6) | YK | | licensed |
| (b)(6) | SDG | | licensed |
| (b)(6) | SDG | | licensed |
| (b)(6) | SDG | | licensed |
| (b)(2) & (b)(6) | SDG | | licensed |
| (b)(6) | CU | | licensed |
| (b)(6) | BU | | licensed |
| (b)(6) | BU | | licensed |
| (b)(6) | SU | | licensed |
| (b)(6) | CU | | licensed |
| (b)(6) | CU | | licensed |
| (b)(6) | CU | | licensed |
| (b)(6) | CU | | licensed |
| (b)(6) | CU | | licensed |

| (b)(6) | (b)(6) | (b)(6) | (b)(6) | (b)(6) | (b)(6) | (b)(3) & (b)(6) | (b)(6) | (b)(6) | (b)(6) | (b)(3) & (b)(6) | (b)(6) | (b)(6) | (b)(6) | (b)(6) | (b)(3) & (b)(6) | (b)(6) | (b)(6) | (b)(6) | (b)(6) | (b)(6) | (b)(6) | (b)(6) | (b)(6) | (b)(6) | (b)(6) | (b)(6) | (b)(6) | (b)(6) | (b)(6) | (b)(6) | (b)(6) | (b)(6) | (b)(6) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CU | CU | CT | CU | CU | CU | CU | CU | CU | CT | CT | CT | SDNT | CU | CT | CU | BU | BU | BU | BU | BU | BU | BU | BU | BU | BU | BU | BU | BU | BU | BU | BU | BU | BU |
| licensed | licensed | licensed | licensed | licensed | licensed | licensed | licensed | licensed | licensed | licensed | licensed | licensed | licensed | licensed | licensed | licensed | licensed | licensed | licensed | licensed | licensed | licensed | licensed | licensed | licensed | licensed | licensed | licensed | licensed | licensed | licensed | licensed | licensed |

U.S. v. Bayerische Motoren Werke AG, BMW AG

| Exemption | Code | | Status |
|---|---|---|---|
| (b)(3) & (b)(6) | CU | | licensed |
| (b)(6) | CT | | licensed |
| (b)(6) | CU | | licensed |
| (b)(3) & (b)(6) | CU | | licensed |
| (b)(6) | CU | | licensed |
| (b)(6) | YK | | licensed |
| (b)(6) | SDNT | | licensed |
| (b)(6) | SDNT | | licensed |
| (b)(6) | SDNT | | licensed |
| (b)(3) & (b)(6) | SDNT | | licensed |
| (b)(6) | CT | | licensed |
| (b)(6) | CT | | licensed |
| | CU | | licensed |
| (b)(6) | CT | | licensed |
| (b)(6) | CU | | licensed |
| (b)(6) | SDNT | | licensed |
| (b)(6) | SDNT | | licensed |
| (b)(3) & (b)(6) | SDNT | | licensed |
| (b)(6) | CT | | licensed |
| (b)(6) | CU | | licensed |
| (b)(6) | LI | | licensed |
| (b)(6) | CU | | licensed |
| (b)(6) | SU | | licensed |
| (b)(6) | CU | | licensed |
| (b)(6) | CU | | licensed |
| (b)(6) | CU | | licensed |
| (b)(6) | CT | | licensed |
| (b)(6) | BU | | licensed |
| (b)(6) | CU | | licensed |

# EXHIBIT D

#48459v1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THE NEW YORK TIMES COMPANY and
RON NIXON,

Plaintiffs,

- against -

UNITED STATES DEPARTMENT OF
TREASURY,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

```
┌─────────────────────────────────────┐
│ USDS SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #: _____               │
│ DATE FILED: 6/22/09                  │
└─────────────────────────────────────┘
```

STIPULATION AND ORDER
OF SETTLEMENT AND
DISMISSAL

ECF Case

No. 08 Civ. 8341 (PGG)

WHEREAS, Plaintiffs the New York Times Company and Ron Nixon (the

"Times") filed this suit in the United States District Court for the Southern District

of New York pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552,

seeking the release by Defendant United States Department of Treasury

("Treasury") of the database of individuals and companies with licenses issued by

Treasury's Office of Foreign Assets Control (the "OFAC License Database"); and

WHEREAS, Treasury has already produced the OFAC License Database in

redacted form;

THEREFORE, the parties stipulate and agree and the Court orders that:

1.    This matter is dismissed with prejudice, subject only to paragraph 8,

below.

2.    Within 30 days of the date of this Order, the Times may provide to

Treasury a list identifying not more than 100 rows of the OFAC

License Database, which correspond to 100 distinct OFAC licenses (the

"List"). Within 30 days of receiving the List, OFAC shall confer with

the Times to identify whether any of the identified licenses correspond to renewals of other licenses on the List, or are otherwise redundant of licenses designated by the Times. Thereafter, the Times may provide Treasury a revised list of 100 OFAC licenses (the "Final List").

3. The Times irrevocably waives its right to seek any information in the OFAC License Database with respect to any licenses not identified on the Final List, *provided, however,* that the Times shall be permitted, within 30 days of the date of this Order, to file an administrative appeal to OFAC challenging solely OFAC's redaction of the names of individuals (as opposed to corporate entities) in the "LICENSEE," "CASE_LICENSEE," "CASE_LICENSEE_NAME," "OTHER_LICENSEES," and "REC_LICENSEE_NAME" fields in the OFAC License Database. Treasury shall not assert, in response to such appeal, that the Times's appeal is untimely or that the Times has waived any challenge to the redaction of individual names in those five fields of the OFAC License Database.

4. Nothing in this Stipulation and Order shall limit the Times' right to submit additional FOIA requests to Treasury for the underlying files concerning any OFAC licenses ("OFAC License Files"), which FOIA requests will be processed in the ordinary course of Treasury's business.

5. With respect to the OFAC licenses identified on the Final List,

2

Treasury shall process and, to the extent appropriate, produce both the relevant fields in the OFAC License Database and the underlying OFAC License Files, as follows:

a.    For OFAC licenses on the Final List for which Treasury is not required by its regulations to provide notice to the licensee before making any disclosure (a "Notice"), Treasury shall produce the relevant OFAC License File and the relevant portions of the OFAC License Database within 30 days of receiving the Final List.

b.    For OFAC Licenses on the Final List for which Treasury is required to give Notice, Treasury shall send out such Notice within 30 days of receiving the Final List.

c.    In those cases in which Treasury is required to give and does give Notice, and in which Treasury receives no response, Treasury shall produce the relevant OFAC License File and the relevant portions of the OFAC License Database within 30 days of the expiration of the licensee's 10-day period to respond to such Notice.

d.    In those cases in which Treasury is required to give and does give Notice, and the licensee does respond — either substantively or by requesting additional time to provide a substantive response — Treasury shall respond to the Times'

3

request on an expedited basis, and as soon as is practicable.

e. Nothing in this Stipulation and Order shall prohibit Treasury from withholding or redacting information in the OFAC License Database or any OFAC License File that is properly subject to exemption under FOIA. Likewise, nothing in this Stipulation and Order shall be construed to relieve the Times of its obligations under FOIA to administratively exhaust any challenge to any such withholdings, redactions, or claims of exemption.

6. Treasury shall pay to the Times the sum of $3,000 in attorneys' fees and litigation costs, pursuant to 5 U.S.C. § 552(a)(4)(E), which sum the Times agrees to accept as full payment of any attorneys' fees and costs the Times has incurred or will incur in this action. Upon payment, the Times releases Treasury and the United States of America from any claims regarding such fees and costs.

7. This Stipulation and Order is subject to the approval of the Court. In the event that the Court declines to enter it, the Stipulation and Order shall be null and void, with no force or effect.

8. The parties understand and agree that this Stipulation and Order contains the entire agreement between them, and that no statements, representations, promises, agreements, or negotiations, oral or otherwise, between the parties or their counsel that are not included

4

herein shall be of any force or effect.

9.  The Court shall retain jurisdiction over any issues that may arise

relating to this Stipulation and Order, *provided, however*, that the

Court shall not have jurisdiction over any "reverse FOIA" suit filed by

any OFAC licensee.

AGREED TO BY:

Dated:       New York, New York
             June 16      , 2009


                              _____
                              DAVID E. McCRAW, ESQ.
                              The New York Times Company Legal
                              Department
                              620 Eighth Avenue
                              New York, New York 10018
                              Telephone:  (212) 556-4031
                              Facsimile:  (212) 556-1009
                              E-mail: mccraw@nytimes.com


Dated:       New York, New York
             June 17      , 2009


                              LEV L. DASSIN
                              Acting United States Attorney

             By:  _____
                              MATTHEW L. SCHWARTZ
                              Assistant United States Attorney
                              86 Chambers Street, 3rd Floor
                              New York, New York 10007
                              Telephone: (212) 637-1945
                              Facsimile: (212) 637-2750
                              E-mail:  matthew.schwartz@usdoj.gov

SO ORDERED:

Dated:          New York, New York
                June 22          , 2009


                _Paul R. Gardephe_____
HON. PAUL G. GARDEPHE
UNITED STATES DISTRICT JUDGE

# EXHIBIT E

#48459v1



The New York Times
Company

**Itai Maytal**
First Amendment Fellow

620 8th Avenue 18th floor
New York, NY 10018

tel 212.556-5187
itai.maytal@nytimes.com

July 17, 2009

**VIA FEDERAL EXPRESS DELIVERY**

Marshall Fields
Assistant Director, Disclosure Services
Office of Foreign Assets Control
Department of the Treasury
Treasury Annex
1500 Pennsylvania Avenue, NW
Washington, DC 20220

Re:    *The New York Times Company and Ron Nixon v. United States Department of the Treasury*, No. 08 Civ 8341 -- **Freedom of Information Act Administrative Appeal**

Dear Mr. Fields:

I represent The New York Times Company ("The Times") and reporter, Ron Nixon. This letter constitutes our administrative appeal, pursuant to a settlement reached between The Times and the Department of Treasury ("Settlement", enclosed), of your office's determination to withhold certain identifying information of individuals who received licenses from your office, which we sought in a December 19, 2007 Freedom of Information Act ("FOIA") request. *See Stipulation and Order of Settlement and Dismissal*, ¶3, June 22, 2009.

The vast majority of the redaction at issue were made pursuant to Exemption 6 of FOIA, 5 U.S.C. § 552(b)(6), except where entire rows pertaining to licenses issued under the authority of the Foreign Narcotics Kingpin Designation Act, 19 U.S.C. 1901-1908, were withheld pursuant to the Exemption 3 of FOIA, 5 U.S.C. § 552(b)(3) or under Exemption 2, the "internal matters exemption", of FOIA, 5 U.S.C. § 552(b)(2). We hereby appeal the redactions to the records made pursuant under all the referenced exemptions. More specifically, we seek the lifting of redactions to columns in the OFAC individual licensees' spreadsheet with the following field names: **licensee, case licensee, case_licensee_name, other licensees**, and **rec licensee name**.

As you know, all documents in the possession of a public agency are presumed to be open to the public unless an agency can identify a specific statutory exemption. *See ACLU v. DOD*, 543 F.3d

- 2 -

59, 70 (2d Cir. 2008)(internal citations omitted). Those exemptions identified are to be narrowly construed. *See John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152 (1989) (internal quotation omitted).

Under the privacy exemption, an agency can exclude from FOIA's broad rule of disclosure all information in "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6) (emphasis added). Courts have used a balancing test to determine claims of exemptions under section 552(b)(6). *See e.g., Ripskis v. Dept. of Housing and Urban Dev.*, 746 F.2d 1, 2-3 (D.C. Cir. 1984*); Rural Housing Alliance v. United States Dept. of Agr.*, 498 F.2d 73, 77 (D.C. Cir. 1974). The first step is determining whether the disclosure of the document would constitute an invasion of privacy and its scope. *See Ripskis*, 746 F.2d at 3. The second step is assessing the public-interest purpose of the party seeking disclosure. *Id.* In addressing this latter interest, the basic purpose of the FOIA – "to open agency action to the light of public scrutiny" – must be considered. *U.S. Dept. of Justice v. Reporters Committee*, 489 U.S. 749, 772 (1989). The final step in the test is to weigh the privacy interest against the public interest in disclosure of the documents. *See Ripskis,* 746 F.2d at 5. The privacy exemption is properly applied only when the public interest in disclosure is outweighed by the individual's right to privacy. *See CEI Washington Bureau, Inc. v. Dept. of Justice*, 469 F.3d 126, 128 (D.C. Cir. 2006).

As a first principle, it is hard to imagine anything more than a nominal privacy interest for individuals or corporations that are licensed by the government to engage in activities that are otherwise illegal, with limited exceptions that are not present here. For example, the U.S. Drug Enforcement Administration grants a single manufacturer the license to import coca leaves and produce a cocaine compound used to dull pain in nasal surgery. The name of that company, Mallinckrodt Inc., is public knowledge. Similarly, the U.S. Food & Drug Administration allows a single manufacturer named Jazz Pharmaceuticals to produce GHB, otherwise known as "the date-rape" drug, to help treat a variety of conditions. Finally, any private citizen can visit the U.S. Department of Defense website to learn which companies or individuals are contracted to produce weapons on behalf of the government. This identifying information is available to the public because these licensed entities recognize that they bargain away their privacy interests when the government confers upon them benefits otherwise legally unavailable to other U.S. entities.

Here, the logic applied to disclosing the identities of controlled drug or weapons manufacturers applies with equal force to the disclosing of the identities of individuals granted licenses by the government to conduct business in countries that are openly hostile to the United States. Such individuals cannot expect to have anything more than a nominal privacy interest in their licensed affairs because they are engaging in activities in countries that are legally off limits to other U.S. citizens. That these licensees may wish to make a profit in such places outside the concerning glare of the public, so to avoid any embarrassment or personal discomfort, has no bearing on the question of whether they actually have a protectible privacy interest.[1]

---

[1] Individual licensees engaging in non-commercial activities in countries hostile to the United States are conferred a benefit by OFAC no less extraordinary than licensees conducting profitable business in those places. As such, any privacy interest that they may have is largely if not completely diminished as well by their unique status.

- 3 -

Balanced against whatever privacy interest may exist for OFAC individual licensees is the public's obvious and legitimate interest in knowing who is receiving these extraordinary licenses from a public agency. Under what circumstances were these licensees given OFAC licenses? Were licensees given special consideration to work in places like North Korea, Iran, Cuba or Burma because of who they are? Were similarly situated individuals treated differently? Did public employees do favors for friends or family members? These questions – which go to the heart of the public's right to monitor the performance of government – can only be answered when there is transparency and the identities of individual licensees and their agents are made available.

It should be further noted that individual licensees are not entitled to any protection of their privacy through the business submitters' process, as articulated in Treasury regulation, 31 C.F.R. 1.6. The regulation states that notice of submitters of a FOIA request is required when it is shown that the business submitter "has in good faith designated the information as <u>commercially or financially sensitive</u> information," or the bureau "has reason to believe that disclosure of the information could reasonably be expected to cause substantial <u>competitive</u> harm." 31 C.F.R. 1.6(c)(1-2) (emphasis added.) By the plain language of the regulation, it is readily apparent that the submitters' process is implicated only when trade secrets or commercial/financial information is subject to disclosure, and not merely private matters. Moreover, other agencies that have invoked the submitters' notice process have done so under Exemption 4, not Exemption 3 of FOIA. *See OSHA Data/CIH, Inc. v. U.S. Dept. of Labor*, 220 F.3d 153, 163 (3d Cir. 2000).

Even if the submitters' notice process applied to the privacy interests of individual OFAC licensees, the agency has had since February 4, 2008 - when it communicated to The Times that some of the licensee information would be redacted on privacy grounds - to initiate the review process. Assuming, *arguendo*, that the notification process applies here, OFAC's failure to exercise its duty for more than a year and half should not come at the expense of the public's legitimate interest in learning the identities of OFAC licensees in a timely manner.

Finally, we object to agency's redaction of information identifying OFAC licensees based on its cursory reference to the Foreign Narcotics Kingpin Designation Act and to FOIA exemptions 2 and 3. The agency did not provide a meaningful explanation as to why the statute or either of the FOIA exemptions applied under the circumstances to any particular document or piece of information requested. That response is clearly inadequate under FOIA. Such a vague invocation of a statute or exemptions effectively prevents the requester from making a substantive appeal addressing the legal and factual rationale for the denial. By failing to detail the agency's reasoning, the agency cynically denies the requester the opportunity to present a meaningful appellate case. This is unacceptable. We trust that, if any part of the redactions under these exemptions or the statute is preserved, that we be given an appropriate level of detail as to the agency's reasoning, so as to support the legal action that would follow.

For all the foregoing reasons, the redaction of the identifying columns of the individual licensees is improper under FOIA. We ask that the withheld information be released, and that a new spreadsheet of individual licenses be promptly produced to us with the identifying details included.

- 4 -

As you know, under 5 U.S.C. §552(a)(6)(a)(ii), a determination with respect to an appeal must be made within twenty business days of receipt.

Thank you for your consideration.

Sincerely,


Itai Maytal

# EXHIBIT F

#48459v1



ASSISTANT SECRETARY

DEPARTMENT OF THE TREASURY
WASHINGTON, D.C.

SEP 18 2009

Mr. Itai Maytal
The New York Times Company
620 8th Avenue 18th floor
New York, NY 10018

Re: Appeal of FOIA No. 2008-01-025

Dear Mr. Maytal,

This responds to your Freedom of Information Act (FOIA) appeal on behalf of The New York Times and reporter Ron Nixon (the Times), dated July 17, 2009. Your appeal seeks the release of certain identifying information of individuals who received licenses from the Office of Foreign Asset Control (OFAC) that was redacted from OFAC's response to the Times' FOIA request of December 17, 2007. OFAC's response occurred in the course of litigation over that request. For the reasons set forth below, I have determined that OFAC's exemption of that information from release was in accordance with the FOIA and I deny your appeal.

Your appeal was filed pursuant to the Stipulation and Order of Settlement and Dismissal (Order) in that litigation entered on June 22, 2009. The Order limited the Times to filing an administrative appeal to OFAC within 30 days of the date of the Order "challenging solely OFAC's redaction of the names of individuals (as opposed to corporate entities) in the "LICENSEE," CASE_LICENSEE," "CASE_LICENSEE_NAME," "OTHER_LICENSEES," and "REC_LICENSEE_NAME" fields in the OFAC License Database." Order, para. 3. Your appeal was received by Treasury on July 27, 2009 and was timely filed under the terms of the Order.

Upon careful review of the data and exemptions at issue, I have determined that OFAC's determination to exempt from release the names of individuals was based solely on assertions of FOIA Exemption 6, 5 U.S.C. § 552(b)(6). Exemption (b)(6) permits the government to exempt from release information about individuals when the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy.

With regard to the personal privacy interests at issue here, I find that the release of the names of individual licensees would subject them to unwarranted public scrutiny, possible harassment and unwarranted communications. With regard to the public interest in this information, I find that the Times has not met its burden of establishing how disclosure would serve the public interest. In particular, publicly associating an individual with an OFAC license does not shed light on OFAC's performance of its statutory duties. Release of these names is not probative of how OFAC discharged its duties, what standards, processes and procedures it uses, and whether they were followed in each case. The Times' questions about the individual circumstances upon which the licenses were granted, whether any licensees

were given preferential treatment, or whether OFAC took action based on other improper considerations would remain unanswered after disclosure individual licensee names.  Even assuming for the sake of argument that there is a qualifying public interest here, I find it to be minimal and outweighed by the significant personal privacy interests of the individual licensees not to be subject to unwarranted public scrutiny, possible harassment and unwarranted communications.  Therefore, I find that such disclosure would constitute a clearly unwarranted invasion of personal privacy and uphold OFAC's application of Exemption 6 and deny this appeal.  *U.S. Dept of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 774 (1989).

Judicial review of this decision denying your appeal is available in the district court of the United States in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

David S. Cohen
Assistant Secretary
Terrorist Financing and Financial Crimes